IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-10258-WEB |
| | ) | |
| MIGUEL RUBALCAVA-ROACHO, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM AND ORDER

This case comes before the court on the defendant's Motion for Transcript (Doc. 96) and defendant's Motion to Proceed In Forma Paupris (Doc. 97). A review of the case shows the defendant was convicted at a jury trial of Possession with the Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(a)(1); Possession with the Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 841(a)(1); and Interstate Travel to Facilitate a Drug Trafficking Crime, in violation of 18 U.S.C. § 1952(a)(3). The defendant was sentenced to 164 months on count 1, 164 months on count 2, and 60 months on count 3, all counts to run concurrently. The defendant appealed the district court's denial of his motion to suppress, and his conviction. The Tenth Circuit Court of Appeals affirmed the district court. United States v. Rubalcava-Roacho, 299 Fed.Appx. 792 (2008).

The defendant states that he is preparing a petition pursuant to 28 U.S.C. § 2255 and has filed a motion for transcripts in his criminal case. He requests authority from this court to proceed without the pre-payment of fees and without the payment of costs for the transcripts.

"A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefore, in addition to filing the affidavit

1

filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915.  The defendant has not complied with the statutory requirements of § 1915.  He did not provide a certified copy of his trust fund account statement for the past six months.

The defendant also requests a transcript of "all proceedings that were heard by this Honorable Court for Petitioner's case, Criminal No. 06-10258-03-WEB.  Proceedings include, but not limited to: bail hearing, arraignment, plea hearing, and sentencing hearing."  The defendant states he is "preparing an Habeas Corpus motion based on Constitutional violations of his Fifth and Sixth Amendment rights."  The Supreme Court has determined that the district court has the power to order a free transcript if it finds that the suit is not frivolous and that the transcript is needed to decide the issue presented.  United States v. MacCollom, 426 U.S. 317, 326, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976).  The defendant cannot make a conclusory allegation or a general statement of issues to be presented.  The defendant must abide by the requirement set out by Congress.  "Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. § 3006A) or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis shall be paid by the United States out of money appropriated for those purposes.  Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to

decide the issue presented by the suit or appeal". 28 U.S.C. § 753(f).

The defendant must allege specific factual allegations from which the court can determine that the defendant has non-frivolous 2255 claims. <u>United States v. Al-Haj</u>, 2007 WL 1266762 page (district). The defendant has not done so in this case. The defendant has only stated that there are Fifth and Sixth Amendment violations. A defendant exploring the possibility of post conviction relief is not entitled to a transcript. See <u>Prince v. United States</u>, 312 F.2d 252, page (10th Cir. 1962).

The defendant's Motion to Proceed IFP will not be granted as he has not shown he qualifies under the statute. His Motion for Transcript will not be granted as he has not shown the nature of his action and that the action is not frivolous.

IT IS THEREFORE ORDERED the defendant's motion to Request Transcripts (Doc. 96) is DENIED and the defendant's Motion to Proceed In Forma Pauperis (Doc. 97) is DENIED.

SO ORDERED this 6th day of August, 2009.

    s/ Wesley E. Brown
Wesley E. Brown, Senior U.S. District Judge