IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-10258-WEB |
| | ) | 10-1076 |
| MIGUEL RUBALCAVA-ROACHO, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM AND ORDER

The Defendant, Miguel Rubalcava-Roacho, has filed a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (Doc. 99). The Defendant has also filed a motion to proceed in forma pauperis (Doc. 100).

I. History of the Case

Rubalcava-Roacho and two other individuals were charged in a superseding indictment of possession with the intent to distribute more than five kilograms of a substance or mixture containing a detectable amount of cocaine, a controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; possession with the intent to distribute more than 50 grams of Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and interstate and foreign travel or transportation in aid of racketeering enterprises, in violation of 18 U.S.C. § 1952(a)(3). A joint motion to suppress the evidence was filed by the defendants. Prior to presenting evidence on the motion, the other two defendants withdrew from the motion. At the motion hearing, the Government presented evidence, including the testimony of a co-defendant. The court denied the Motion to Suppress. The two co-defendants entered into plea agreements with the Government. Rubalcava-Roacho proceeded to a jury trial, wherein he was found guilty

1

on all three counts. Rubalcava-Roacho was sentenced to 164 months on count 1, 164 months on count 2, to run concurrently to count 1, and 60 months on count 3, to run concurrently to count 1 and 2.

Rubalcava-Roacho filed a direct appeal with the Tenth Circuit Court of Appeals. Rubalcava-Roacho argued that the district court erred in denying his motion to suppress the evidence, and there was insufficient evidence to support his convictions for possession with the intent to distribute cocaine and methamphetamine. The Tenth Circuit affirmed the court's denial of the motion to suppress, as well as Rubalcava-Roacho's convictions. United States v. Rubalcava-Roacho, 299 Fed.Appx. 792 (10th Cir. 2008). Defendant filed a petition for writ of certiorari, which was denied. Rubalcava-Roacho v. United States, 129 S.Ct. 1649, 173 L.Ed.2d 1021 (2009). Defendant then filed this motion.

II. Defendant's Motion

Defendant argues trial counsel was ineffective when he failed to call "facts" witnesses, failed to prepare a defense, and failed to call an expert. The Government filed a response, arguing that defense counsel aggressively represented the Defendant, Defendant has not shown that the testimony of Sean Kelly would have affected the outcome of his trial, and Defendant has not shown how the testimony of an expert would d change the outcome of the trial.

III. Discussion

a. Failure to call fact witness

To establish ineffective assistance of counsel, a defendant must show his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "Judicial scrutiny of

counsel's performance must be highly deferential......a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy'." Strickland at 689, citing Michel v. Louisiana, 350 U.S. 91, 76 S.Ct.158, 100 L.Ed. 83 (1955). The defendant must also show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland at 694.

Rubalcava-Roacho argues that his counsel was ineffective in failing to call Sean Kelley. Rubalcava-Roacho submitted an unsworn affidavit from Sean Kelley, in which Mr. Kelly states that the Defendant worked for his foreman on Saturday, September 30, 2006 until approximately 3:00 PM, and they were located approximately 18 miles from Amarillo, Texas. Rubalcava-Roacho argues that Mr. Kelley's testimony would have shown that he was not in El Paso on September 29 and September 30, contrary to his co-defendant's testimony, and also that a person who distributes drugs, worth approximately a half a million dollars in street value profits, would not have a nine-to-five job.

Although Sean Kelly was not called as a witness, the defense did call Jesus Troncozo. Troncozo testified he was employed by Sean Kelly, and he supervised a group that did roofing work. He testified that Rubalcava-Roacho worked for him. Troncozo testified that on September 28 and September 29, 2006, he was working in Canyon, Texas, outside Amarillo, and Rubalcava-Roacho was working with him. He further testified that on Saturday, September 30, 2006, he stopped by Rubalcava-Roacho's home in the morning to pick him up for work, but he was not there.

3

A co-defendant testified that she traveled to El Paso on September 28, 2006 in the RV. She arrived in El Paso at approximately 6 AM on September 29, 2006. She testified that she picked up the Defendant and they left El Paso that evening at approximately 8 P.M. They arrived back in Amarillo on September 30, 2006 in the early morning, probably close to 7 or 8 AM. The next day, on October 1, 2006, they left for Wichita Kansas.

The defense developed a theory of the case, which was that Defendant was only along for the ride, and his co-defendants that were delivering the drugs, not him. In support of this theory, the defense presented witnesses that placed the defendant in Amarillo on September 28 and 29, instead of with the co-defendants in El Paso. The jury had the responsibility to determine the credibility of the witness, and decide what weight to give the evidence. The court will not second guess that decision on habeas review.

Counsel for Rubalcava-Roacho was not ineffective for failing to call a witness that would not dispute the government's evidence, and would not support the defense's theory of the case. Sean Kelly's testimony would have verified that Rubalcava-Roacho was in Amarillo on September 30, which is not in dispute with the co-defendant's testimony, or the Government's evidence. The Defendant has not shown that if Sean Kelly would have testified, the outcome of his trial would be different. Rubalcava-Roacho was charged with possession with the intent to distribute, he was in the RV when it was stopped, the drugs were found in the RV, and the jury determined there was sufficient evidence to find him guilty as charged. The Defendant has not shown that his counsel was ineffective.

b. Failure to prepare a defense

The Defendant argues that his trial counsel failed to properly prepare a defense. In support of this argument, Defendant argues that his counsel hoped that the jury would find that the RV stop was pretextual, and that trial counsel was trustful that the trial Judge would grant a Rule 29 motion to dismiss.

The Defendant provides no support for his argument. The court conducted a hearing on the motion to suppress the evidence prior to the trial, and found "[T]he totality of the circumstances, including the observance of what appeared to be a hidden compartment under the vehicle and the subsequent alert by a trained drug-detecting dog later gave rise to probable cause for a search of the vehicle. As such, the court concludes that the search of the vehicle was reasonable under the Fourth Amendment." (Memorandum and Order, Doc. 48). Obviously, Defendant's counsel was aware, prior to the start of the jury trial, that the court had determined that the stop was not pretextual, and the evidence was admissible.

A review of the transcript shows that Defendant's counsel vigorously cross-examined all of the prosecution's witnesses, presented a number of witnesses on the Defendant's behalf, made a motion at the close of the evidence for a Rule 29 judgment of acquittal, and presented vigorous opening statements and closing arguments. Defense counsel attacked the credibility of the witnesses, pointed out the flaws in the prosecution's case, questioned the co-defendants regarding their plea agreements and their cooperation with the Government, and pointed out inconsistencies in witness testimony. Defendant has failed to establish that his trial counsel's performance fell below an objective standard of reasonableness, and has failed to establish prejudice. The Defendant's allegation of ineffective assistance of counsel in failing to present a defense is denied.

c. <u>Failure to call an expert witness</u>

Defendant argues that counsel was ineffective in not calling a bilingual expert, fluent in both English and Spanish, to testify as to the significance of the testimony by Robert Conde, a Special Agent with the Kansas Bureau of Investigation. The Defendant argues the case is a credibility contest, and the jury had to decide whether to believe Agent Conde.

Whether to present expert testimony is a strategic decision. See <u>United States v. Maxwell</u>, 966 F.2d 545, 548-49 (10th Cir. 1992). Expert testimony must be reliable and admissible. Fed.R.Evid. 702. "Strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." <u>Strickland,</u> 466 U.S. at 690. "Whether to raise a particular defense is one aspect of trial strategy, and informed strategic or tactical decisions on the part of counsel are presumed correct, unless they were completely unreasonable, not merely wrong." <u>Anderson v. Att. Gen. Of Kan.</u>, 425 F.3d 853, 859 (10th Cir. 2005). The Defendant bears the burden of showing that counsel's action was not based on a valid strategic choice. <u>Bullock v. Carver</u>, 297 F.3d 1036, 1047 (10th Cir. 2002).

Special Agent Robert Conde testified that he has a working knowledge of Spanish. He testified that he read Rubalcava-Roacho his Miranda warning in Spanish prior to the interpreter arriving. Rubalcava-Roacho signed the Miranda form, as did Conde. After the interpreter arrived, Conde would ask a question, the interpreter would translate the question, as well as Rubalcava-Roacho's answer.

The Defendant has not provided information regarding who should have been called as an expert. The Defendant has not shown that he discussed the possibility of presenting this type of evidence at trial, and what the purpose of this testimony would be. The defendant has not set

forth the benefit the expert would provide. Where expert testimony would have been of questionable benefit, the failure to call an expert does not establish ineffective assistance of counsel. Defendant fails to demonstrate that such an expert witness could have provided testimony that might have altered the outcome of his trial.

 d. <u>In forma paupris</u>

Rubalcava-Roacho applied for leave to proceed in forma pauperis. The court has reviewed the application, and finds that Rubalcava-Roacho is indigent, and therefore should be allowed to proceed in forma pauperis.

IV. <u>Conclusion</u>

IT IS THEREFORE ORDERED Rubalcava-Roacho's Motion for Leave to Proceed in forma pauperis (Doc. 100) is GRANTED.

IT IS FURTHER ORDERED Rubalcava-Roacho's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 99) is DENIED.

IT IS FURTHER ORDERED that a Certificate of Appealability under the provisions of 28 U.S.C. § 2253 be DENIED.

IT IS SO ORDERED this 24th day of September, 2010.

   s/ Wesley E. Brown
Wesley E. Brown
United States Senior District Court Judge